**Abatement Order filed March 08, 2018.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-17-00697-CV

———————

### IN THE MATTER OF THE MARRIAGE OF SUZANNE S. RON AND AVISHAI RON

---

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2014-49671**

---

## ABATEMENT ORDER

The reporter's record in this case was originally due August 11, 2017. *See* Tex. R. App. P. 35.1. On September 20, 2017, this court granted the court reporter, Rebecca Hammons, an extension through October 23, 2017, to file the reporter's record. On September 22, 2017, appellant notified the court that a deposit had been made to the court reporter for preparation of the record. On October 16, 2017, this court granted an additional extension to file the record because the court reporter notified us that the record was complex and that its preparation would be labor

intensive. We extended the deadline to file the record up to and including November 27, 2017. The record was not filed. On November 30, 2017, this court ordered the court reporter to file the record within 30 days. When the court reporter failed to file the record as ordered, on January 9, 2018, this court ordered the court reporter to file the record within 30 days, and instructed the court reporter that if the record was not filed, the court may order the trial court to conduct a hearing to determine the reason for failure to file the record. The record has not been filed with the court.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the **245th District Court** to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the trial court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court also will consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record

before the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Jamison.